UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MENZEL,<br><br>    Plaintiff,<br><br>    v.<br><br>SCHOLASTIC, INC.,<br><br>    Defendant. | Case No. 17-cv-05499-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket No. 20 |

Plaintiff Peter Menzel is a professional photographer who has licensed certain of his copyrighted photographs to Defendant Scholastic, Inc. Mr. Menzel now sues Scholastic for copyright infringement. Currently pending before the Court is Scholastic's motion to dismiss Mr. Menzel's complaint or, in the alternative, to strike certain allegations contained therein. Having considered the parties' briefs as well as the oral argument of counsel, the Court hereby **GRANTS** the motion to dismiss.

## I. FACTUAL & PROCEDURAL BACKGROUND

In his complaint, Mr. Menzel alleges as follows.

Mr. Menzel is a professional photographer. *See* Compl. ¶ 2. He has obtained copyrights for the photographs identified in Exhibit 1 attached to his complaint. *See* Compl. ¶ 7. Between 1997 and 2016, Mr. Menzel gave Scholastic limited licenses to use copies of the photographs identified in Exhibit 1. *See* Compl. ¶ 8. The licenses were limited in that they had restrictions on, *e.g.*, "number of copies, distribution area, language, duration, and/or media." Compl. ¶ 8. Exhibit 1 reflects the restrictions (in the last column of the chart).

According to Mr. Menzel, Scholastic has violated the licenses "in various ways," such as "printing more copies of the Photographs than authorized"; "distributing publications containing

the Photographs outside the authorized distribution area"; "publishing the Photographs in electronic, ancillary, or derivative publications without permission"; "publishing the Photographs in international editions and foreign publications without permission"; and/or "publishing the Photographs beyond the specified time limits," Compl. ¶ 9 – and, in doing so, infringed his copyrights. Mr. Menzel makes the allegation of breach of license and copyright infringement on information and belief.

## II. DISCUSSION

> To survive a [12(b)(6)] motion to dismiss for failure to state a claim after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), [a plaintiff's] factual allegations [in the complaint] "must . . . suggest that the claim has at least a plausible chance of success." In other words, [the] complaint "must allege 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"
>
> . . . . [The Ninth Circuit has] settled on a two-step process for evaluating pleadings:
>
>> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1134-35 (9th Cir. 2014). Notably, "[t]he plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In the instant case, Scholastic argues that Mr. Menzel has failed to meet the plausibility standard. The heart of Scholastic's motion is that Mr. Menzel's case is a fishing expedition – *i.e.*, to determine whether there has, in fact, been any breach of the license agreements and thus copyright infringement. Scholastic contends that Mr. Menzel has not pointed to one concrete example of infringement – *e.g.*, where Scholastic actually exceeded the number of copies it could use under the license. According to Scholastic, Mr. Menzel could have, at the time he negotiated

2

with Scholastic regarding the licenses, lobbied for a term pursuant to which he could audit Scholastic's use of his photographs; however, having failed to obtain that term during negotiations, Mr. Menzel may not now, in essence, use a lawsuit to obtain an audit right.

As indicated above, in his complaint, Mr. Menzel has alleged license breach and copyright infringement because Scholastic exceeded the scope of the licenses, *e.g.*, by "printing more copies of the Photographs than authorized"; "distributing publications containing the Photographs outside the authorized distribution area"; and so forth. Compl. ¶ 9. Mr. Menzel's allegations that Scholastic took these actions are all based on information and belief, and, more importantly, are made in wholly conclusory terms.

The Ninth Circuit has held that the *Iqbal*/*Twombly* plausibility standard does not prevent a plaintiff from pleading facts alleged upon information and belief. *See Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (citing *Arista Record LLC v. Doe*, 604 F.3d 110, 120 (2d Cir. 2010)). But while facts may be alleged upon information and belief, that does not mean that conclusory allegations are permitted. A conclusory allegation based on information and belief remains insufficient under *Iqbal*/*Twombly*. *See Arista*, 604 F.3d at 120 (noting that, "[b]ecause the *Twombly* complaint's factual allegations described only actions that were parallel, and were doctrinally consistent with lawful conduct, the conclusory allegation on information and belief that the observed conduct was the product of an unlawful agreement was insufficient to make the claim plausible"). An allegation made on information and belief must still be "based on factual information that makes the inference of culpability plausible," although a court may take into account whether "facts are peculiarly within the possession and control of the defendant." *Id.*

*Park* is one example where the Ninth Circuit found allegations, including ones made on information and belief, sufficient to meet the *Iqbal*/*Twombly* standard. In *Park*, the plaintiff was charged with and tried for murder. She sued a police detective, alleging, *inter alia*, that the detective orchestrated criminal charges against a witness who would have provided testimony favorable to her and that, "on information and belief, [the detective] brought about that result in collaboration with a number of Doe Defendants," thus engaging in a conspiracy to violate her civil rights. *Id.* at 928. The plaintiff's allegations included the following:

3

- "[a]fter the District Attorney received notice that [the plaintiff] planned to call Ayala as a defense witness, and after Detective Thompson's phone conversation with Ayala, Thompson and/or a Doe defendant allegedly contacted the El Segundo Police and convinced an officer to initiate charges against Ayala";
- "[t]he District Attorney then unexpected brought felony criminal charges against Ayala stemming from a physical dispute with Gilmore [an individual who may have actually killed the victim] approximately a year earlier";
- "[s]hortly afterwards, at [the plaintiff's] criminal hearings, Ayala declined to testify at [the plaintiff's] trial because of these pending charges and after the Deputy District Attorney threatened to 'recuse' her attorney if he did not advise her to invoke her Fifth Amendment privilege"; and
- "[f]ollowing Ayala's refusal to testify, the District Attorney dismissed the felony charges, and Ayala received a probationary sentence after pleading no contest to a misdemeanor charge." *Id.*

The Ninth Circuit concluded that the plaintiff had pleaded sufficient facts to state a plausible claim for § 1983 conspiracy because she had pled the above facts. Although "many of the relevant facts here are known only to the defendant," *id.* at 928-29, and thus could be based on information and belief, the allegations were specific and numerous.

*Park* is distinguishable from the instant case. In *Park*, the plaintiff alleged on information and belief that the detective conspired with others based on factual information that made the inference of culpability plausible. Here, Mr. Menzel has alleged on information and belief that Scholastic, *e.g.*, used more copies of his photographs than permitted under the license agreements, but that allegation is not based on any factual allegation that makes the inference of culpability plausible.[1] Just because Scholastic has exceeded licenses given by *other* individuals or entities,

---

[1] At the hearing, Mr. Menzel noted that the existence of a license agreement is an affirmative defense to a claim of copyright infringement. However, because Mr. Menzel admitted in his complaint that license agreements do exist, he must include in his complaint allegations that, *e.g.*, the licenses have been exceeded. *Cf. Burroughs Payment Sys. v. Symco Grp., Inc.*, No. C-11-06268 JCS, 2012 U.S. Dist. LEXIS 67198, at *19 (N.D. Cal. May 14, 2012) ("Where . . . facts alleged in the complaint establish the existence of an affirmative defense, a court may dismiss the

4

*see* Compl. ¶ 10, does not make it plausible that Scholastic has done the same with respect to Mr. Menzel. Moreover, that Scholastic is a defendant in at least thirteen other copyright cases, *see* Compl. ¶ 13, does not do much to establish an inference of a pattern or practice of improper conduct from which an inference of wrongdoing against Mr. Menzel might be inferred. This is especially true because Scholastic is a large company with presumably many accounts and because none of the cases cited in the complaint appears to have resulted in an adjudication or finding that Scholastic is a copyright infringer because it has underlicensed. Mr. Menzel protests that he cannot allege more information to support his claims because how Scholastic has used his photographs is peculiarly within the possession and control of Scholastic. But this does not excuse the requirement that the plaintiff allege something more than bare conclusions; and in any event, Mr. Menzel has not made any showing that that it is impossible to obtain some evidence of Scholastic's wrongdoing. At the hearing, the Court asked what investigation Mr. Menzel had conducted regarding Scholastic's use of his photographs; Mr. Menzel's response indicated that all he had done was ask Scholastic itself. Mr. Menzel did not indicate that he made other efforts – *e.g.*, researching the approximate circulation of any of the publications which contain his works to show that Scholastic exceeded the licensed numbers; contacting former Scholastic employees to find out what the company's practices are with respect to copyrights; and/or contacting other attorneys who have previously worked on copyright infringement cases in the publishing industry to obtain information about Scholastic's copyright practices.

The Court acknowledges that other judges in this District appear to have reached contrary conclusions. *See, e.g.*, *Clifton v. Houghton Mifflin Harcourt Publ'g Co.*, 152 F. Supp. 3d 1221, 1224-25 (N.D. Cal. 2015) (Beeler, J.) (stating that, "[a]fter *Twombly* and *Iqbal*, in the book publishing context, numerous courts have denied motions to dismiss copyright infringement claims where the plaintiff alleged, as Mr. Clifton does here, that the defendant exceeded the limitations in licenses for photographs by, for example, printing more copies of the publication than authorized, publishing the photographs in derivative publications without permission, and claim on a Rule 12(b)(6) motion.")

5

distribut[ing] the publication outside of the authorized distribution area" – "[c]onversely, courts that have granted motions to dismiss copyright infringement claims in the publishing context have done so when the plaintiff alleged only generally that the defendant exceeded the license limitations and did not allege how the defendant did so"; adding that plaintiff "has alleged what he can, based on the information he has and "additional facts needed to substantiate his 'information and belief' allegations are 'peculiarly within the possession and control' of HMH"); *Clifton v. Pearson Educ., Inc.*, No. 5:11-cv-03640-EJD, 2012 U.S. Dist. LEXIS 61569, at *12-14 (N.D. Cal. May 2, 2012) (concluding that plaintiff pled sufficient facts where he alleged, *e.g.*, that defendant used the photographs without permission in additional publications, and "information concerning Defendant's unauthorized uses of the Photographs remains in the possession of Defendant"). However, there is also authority that aligns with this Court's view of *Twombly* and *Iqbal*. *See Yamashita v. Scholastic, Inc.*, No. 16-cv-9201 (KBF), 2017 U.S. Dist. LEXIS 2173, at *3 (S.D.N.Y. Jan. 5, 2017) (taking note of admission in the complaint that infringement had not yet been identified and that Scholastic alone had knowledge regarding infringement; stating that it was "wholly insufficient" for plaintiffs to "cast out five possible ways defendants could have infringed some time 'after' defendants obtained the photographs" and that "[t]he complaint contains so few factual allegations it is nothing more than a fishing expedition"). And ultimately, this Court is bound to follow Supreme Court and Ninth Circuit precedent, both of which indicate that more must be pled than what was pled here to meet the plausibility standard. While the Court acknowledges that there may be circumstances in which certain procedural accommodations may properly be afforded to a plaintiff – such as limited discovery prior to adjudication of a motion to dismiss made under *Twombly* and *Iqbal* where critical information is held exclusively by the defendant and there is no other practical way to obtain such information – the plaintiff must first establish at least a prima facie showing of a plausible claim and practical barriers to obtaining supporting evidence absent discovery. Mr. Menzel has no made no such showing here.

///

///

///

Accordingly, the Court grants Scholastic's motion to dismiss but gives Mr. Menzel leave to amend. The Court will afford Mr. Menzel more than the usual time to obtain information. Any amended pleading shall be filed no later than May 14, 2018.

This order disposes of Docket No. 20.

**IT IS SO ORDERED**.

Dated: March 19, 2018

_____
EDWARD M. CHEN
United States District Judge