# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MENZEL,<br><br>    Plaintiff,<br><br>v.<br><br>SCHOLASTIC, INC.,<br><br>    Defendant. | Case No. 17-cv-05499-EMC<br><br>**ORDER RE JOINT DISCOVERY LETTER OF FEBRUARY 14, 2019**<br><br>Docket No. 88 |

The Court has reviewed the parties' joint discovery letter of February 14, 2019. Having reviewed such, the Court hereby rules as follows.

1. The parties failed to adequately meet and confer. The Court's standing order requires an in-person or telephonic meet and confer. It does not authorize a written meet and confer. Although the Court could reject the letter on this basis, it shall address the merits in the interest of moving the case forward. However, it cautions both parties that they **will** be sanctioned if they do not comply in the future with the meet-and-confer requirements specified in the Court's standing order.

2. Scholastic requests that, for purposes of the settlement conference, it need only use its best efforts to locate documents. Scholastic shall make a reasonably diligent search for responsive documents; that is the appropriate standard.

3. The Court rejects Mr. Menzel's contention that Scholastic is not entitled to any discovery for purposes of the settlement conference. Although the Court previously stated that "[p]re ADR discovery consists of plaintiff's request for production of usage data document[s]," Docket No. 81 (minutes), that does not foreclose Scholastic from now taking the position that it does need discovery in advance of the settlement conference. That being said, for settlement

conference purposes, it is not clear why Scholastic seeks all documents and communications related to Mr. Menzel's copyright registrations. *See* Def.'s Prop. Order ¶ 2. The request is overbroad as written. However, the Court shall require Mr. Menzel to produce licenses and royalty statements (or equivalent information showing sales of or licenses for the photographs) for the photographs at issue. Mr. Menzel may take the position that the best measure of the fees Scholastic should have paid is the price that it did pay. Nevertheless, that does not mean that the prices that others paid is entirely irrelevant.

    4.    The parties shall meet and confer as to what date documents should be produced in advance of the settlement conference.

This order disposes of Docket No. 88.

**IT IS SO ORDERED**.

Dated: February 14, 2019

_____
EDWARD M. CHEN
United States District Judge