UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MENZEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCHOLASTIC, INC.,<br><br>　　　　Defendant. | Case No. 17-cv-05499-EMC<br><br>**ORDER RE JOINT DISCOVERY LETTER OF JULY 18, 2019**<br><br>Docket No. 96 |

　　　　Currently pending before the Court is the parties' joint discovery letter of July 18, 2019. The Court's rulings on each of the issues raised in the letter are presented below.

A.　　Issue No. 1

　　　　The first issue is whether Scholastic should produce information on only the photographs at issue or, instead, on any Menzel photograph. Scholastic is willing to provide information on the photographs at issue – whether in the publications identified in the SAC or in other publications. *See* Joint Letter at 3. What Scholastic is not willing to do is provide information on all Menzel photographs; this would be, in effect, an audit. Mr. Menzel wants, in essence, discovery on all Menzel photographs because he wants Scholastic to produce information from its electronic database using only the search term "Menzel." *See* Joint Letter at 1. (Scholastic does not claim any burden to do this kind of electronic search.)

　　　　The Court finds the reasoning of Judge Rakoff in *Psihoyos v. Pearson Education, Inc.*, No. C-10-5912 (JSR), persuasive. *See* Letter, Ex. 5 (order, filed December 7, 2010). As Judge Rakoff rightly notes, the Advisory Committee Notes for Federal Rule of Civil Procedure 26(b) states there is "no entitlement to discovery to develop new claims or defenses that are not already identified in

the pleadings," Fed. R. Civ. P. 26(b), 2000 Adv. Comm. Note to Subdivision (b)(1). In the instant case, the allegations of the operative second amended complaint ("SAC") make clear that the case is focused on the *specific* photographs identified in the pleading. *See, e.g.*, SAC ¶ 1 ("This is an action for copyright infringement brought by Menzel, the owner of copyrights to the photographs described hereafter, against Scholastic for its unlicensed and unauthorized uses of Menzel's photographs."); SAC ¶ 26 ("This Second Amended Complaint concerns only Scholastic's unlicensed uses of the Photographs identified in Exhibit 1."). The only place where Mr. Menzel puts at issue other photographs is the prayer for relief, *see* SAC, Prayer ¶ 1 (seeking "[a] preliminary and permanent injunction against Scholastic . . . from copying . . . Menzel's Photographs described in this Second Amended Complaint and Menzel's photographs not included in suit"), which is not supported by the claims of the SAC; those claims concern only the photographs expressly described in the SAC.

Although the Advisory Committee Notes acknowledge that "[d]iscovery that is relevant to the parties' claims or defenses may also support amendment of the pleadings to add a new claim or defense that affects the scope of discovery," Fed. R. Civ. P. 26(b), 2015 Adv. Comm. Note to Subdivision (b)(1), Mr. Menzel does not make an express claim of willful copyright infringement by Scholastic. *See, e.g.*, SAC, Prayer ¶ 3 (asking for "[a]n award of Menzel's actual damages and all profits derived from the unauthorized use of Menzel's Photographs or, where applicable and at Menzel's election, statutory damages"; not specifying willful infringement for statutory damages). Hence, any argument that evidence of unauthorized use of other photographs may be relevant to a willfulness claim is inapposite.

B. <u>Issue No. 2</u>

The second issue is whether Scholastic should produce information about prior and subsequent editions of publications identified in the SAC. Mr. Menzel argues that this information is useful "particularly where Scholastic has not produced complete data for the infringing edition. . . . [A] jury could rely on the data for other books in the same series to approximate the specific edition data Scholastic claims it cannot find." Joint Letter at 2. Mr. Menzel also argues that the information is relevant to Scholastic's affirmative defense of re-use –

2

*i.e.*, that a use was not infringing because the use was simply in a revision.

Scholastic fails to address Mr. Menzel's re-use argument. Furthermore, even though Scholastic argues that there is no indication that prior or subsequent editions would be similar to the edition at issue, it is not implausible that such an inference could be made based on the evidence uncovered thus far. Finally, while Scholastic maintains that, if it did not produce a specific edition, that would "usually [be] due to its age," and therefore it probably would not have prior or subsequent editions close in time, Joint Letter at 3, that may well be true. But that does not negate Scholastic's obligation to produce what exists.

C. Issue No. 3

The final issue is whether Mr. Menzel should be allowed to get discovery on whether Scholastic would suffer any harm from having its print run information publicly disclosed. This is essentially Mr. Menzel's attempt to get Scholastic to de-designate information that it designated "Confidential." The Court shall not order Scholastic to produce this information. There is no indication that Scholastic does not treat its print run information as confidential. Indeed, the Court notes that Mr. Menzel has previously complained that he cannot find information about Scholastic's print runs, which indicates that Scholastic does not share this information with the public.

This order disposes of Docket No. 96.

**IT IS SO ORDERED**.

Dated: July 29, 2019

_____
EDWARD M. CHEN
United States District Judge