Jeremy S. Goldman (SBN 306943)
Azita Iskandar (SBN 280749)
Jessica R. Medina (SBN 302236)
FRANKFURT KURNIT KLEIN & SELZ, P.C.
2029 Century Park East, Suite 1060
Los Angeles, CA  90067
Telephone: (310) 579-9600
Facsimile: (310) 579-9650
jgoldman@fkks.com
aiskandar@fkks.com

Edward H. Rosenthal*
Nicole Bergstrom*
FRANKFURT KURNIT KLEIN & SELZ, P.C.
28 Liberty Street
New York, New York 10005
Telephone: (212) 980-0120
Facsimile: (212) 593-9175
erosenthal@fkks.com
nbergstrom@fkks.com

*admitted *pro hac vice*

**Attorneys for Defendant Scholastic Inc.**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MENZEL,<br><br>    Plaintiff,<br><br>v.<br><br>SCHOLASTIC, INC.<br><br>    Defendant. | Case No. 3:17-cv-5499-EMC<br><br>**NOTICE OF DEFENDANT'S MOTION FOR LEAVE TO SEEK RECONSIDERATION OR FOR CERTIFICATION, STAY THIS ACTION PENDING APPEAL, AND MEMORANDUM OF LAW IN SUPPORT**<br><br>**[Filed concurrently with [Proposed] Order]**<br><br>Courtroom:    5<br>Judge:        Hon. Edward M. Chen |

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS ......................................................................................................2

    The Order Dismisses Scholastic's Statute of Limitations Defense ...................................2

ARGUMENT ..........................................................................................................................3

    I.       RECONSIDERATION IS WARRANTED GIVEN AN INTERVENING
             CHANGE IN THE LAW ...........................................................................................3

    II.      IN THE ALTERNATIVE, THIS ISSUE WARRANTS CERTIFICATION
             FOR AN INTERLOCUTORY APPEAL ...................................................................5

           A.    The Statute of Limitations Presents a Controlling Question
                of Law ..........................................................................................................5

           B.    A Difference of Opinion Exists on This Issue .......................................................6

           C.    A Determination Materially Advances the Ultimate
                Termination of the Litigation .......................................................................6

    III.    THIS ACTION SHOULD BE STAYED PENDING APPEAL...................................7

CONCLUSION........................................................................................................................8

NOTICE OF DEFENDANT'S MOTION FOR LEAVE TO SEEK RECONSIDERATION OR FOR
CERTIFICATION, STAY THIS ACTION PENDING APPEAL, AND MEMORANDUM OF LAW

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asis Internet Servs. v. Active Response Grp.*,
  No. C 07-6211, 2008 WL 4279695 (N.D. Cal. Sep. 16, 2008) ...........................................7

*In re California Title Ins. Antitrust Litig.*,
  No. 08-01341, 2010 WL 785798 (N.D. Cal. Mar. 3, 2010) ...............................................7

*In re Cement Antitrust Litig.*,
  673 F.2d 1020 (9th Cir. 1982) ...........................................................................................5

*Chen v. Allstate Ins. Co.*,
  No. C 13-0685, 2013 WL 3973798 (N.D. Cal. July 31, 2013).......................................6, 7

*Couch v. Telescope Inc.*,
  611 F.3d 629 (9th Cir. 2010) ..............................................................................................6

*Helman v. Alcoa Global Fasteners Inc.*,
  No. CV 09-1353, 2009 WL 2058541 (C.D. Cal. June 16, 2009) ......................................5

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936).............................................................................................................7

*Mangum v. Action Collection Serv., Inc.*,
  575 F.3d 935 (9th Cir. 2009) ......................................................................................3, 4, 5

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
  572 U.S. 663 (2014).........................................................................................................2, 6

*Polar Bear Prods. v. Timex Corp.*,
  384 F.3d 700 (9th Cir. 2004) ....................................................................................1, 2, 4, 5

*Robbins Co. v. Lawrence Mfg. Co.*,
  482 F.2d 426 (9th Cir. 1973) ..............................................................................................7

*Roley v. New World Pictures, Ltd.*,
  19 F.3d 479 (9th Cir. 1994) ................................................................................................2

*Rotkiske v. Klemm*,
  No. 18-328, 2019 WL 6703563 (Dec. 10, 2019).......................................................1, 3, 4, 6

*SEC v. Rind*,
  991 F.2d 1486 (9th Cir. 1993) ............................................................................................6

NOTICE OF DEFENDANT'S MOTION FOR LEAVE TO SEEK RECONSIDERATION OR FOR
CERTIFICATION, STAY THIS ACTION PENDING APPEAL, AND MEMORANDUM OF LAW

*Solo v. Dawson*,
    09 Civ. 05623, 2010 WL 11508000 (C.D. Cal. 2010)............................................................4

*TRW Inc. v. Andrews*,
    534 U.S. 19 (2001)...........................................................................................................4, 5

*United States v. Nature's Farm Prods., Inc.*,
    370 F. Supp. 2d 993 (N.D. Cal. 2005).................................................................................5

*United States v. Woodbury*,
    263 F.2d 784 (9th Cir. 1959)...............................................................................................5

**Statutes**

17 U.S.C. § 507(b) ....................................................................................................................2, 4

28 U.S.C. § 1292(b) ...........................................................................................................1, 5, 6, 7

Fair Credit Reporting Act ..............................................................................................................4, 5

Fair Debt Collection Practices Act ...........................................................................................1, 3, 4

**Other Authorities**

3 Federal Procedure, Lawyers Edition § 3:212 (2010) .......................................................................6

Local Civil Rule 7-9...........................................................................................................................1, 3

16 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3930 (2004)..............................6

NOTICE OF DEFENDANT'S MOTION FOR LEAVE TO SEEK RECONSIDERATION OR FOR
CERTIFICATION, STAY THIS ACTION PENDING APPEAL, AND MEMORANDUM OF LAW

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that, as the matter may be heard, in Courtroom No. 5 of the above entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable Edward M. Chen, Defendant Scholastic Inc. ("Scholastic") will and hereby does move the Court for leave to seek reconsideration, pursuant to Local Civil Rule 7-9, of the portion of the Court's December 18, 2019 Order, Dkt No. 135 (the "Order"), which denied summary judgment in favor of Scholastic on statute of limitations grounds (*see id.* at 8-13), or, in the alternative, for an order, pursuant to 28 U.S.C. § 1292(b), certifying this issue for interlocutory appeal, and staying further proceedings pending appeal.

### PRELIMINARY STATEMENT

Scholastic brings this motion based on a decision by the Supreme Court, issued after briefing was complete and only a week before the Court issued its Order, which would require the dismissal of all but three of Plaintiff's claims. By its Order, this Court dismissed Scholastic's statute of limitations defense, following the Ninth Circuit's decision in *Polar Bear Prods. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004), which adopted the "discovery rule" for copyright infringement action rather than the "injury rule". Following the Order, however, the Supreme Court rejected the Ninth Circuit's application of the discovery rule to claims brought under the Fair Debt Collection Practices Act. The Supreme Court held that, absent clear statutory language to the contrary, the injury rule should apply and called the application of discovery rules "a bad wine of recent vintage." *Rotkiske v. Klemm*, No. 18-328, 2019 WL 6703563, at *4 (Dec. 10, 2019) (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 37 (2001)).

This decision by the Supreme Court rejects the approach taken by the Ninth Circuit in applying a discovery rule for claims brought the Copyright Act, which, like the statute governing Fair Debt Collection Practices Act cases, does not have language requiring application of a discovery rule. Accordingly, Scholastic respectfully requests that this Court grant Scholastic leave to seek reconsideration of the Order's dismissal of Scholastic's statute of limitations defense, or, in the alternative, certify the issue for an interlocutory appeal and stay this case pending appeal.

**STATEMENT OF FACTS**

As this Court will recall, Plaintiff is a professional photographer residing in Napa, California. Second Amended Complaint, Dkt No. 59, dated September 17, 2018 (the "SAC") ¶ 2.  Defendant Scholastic is a New York publisher and distributer of children's books, with its principal place of business at 557 Broadway, New York, New York 10012.  *Id.* ¶ 3.  Plaintiff brought this suit for copyright infringement of ninety-four (94) uses of his photographs licensed by Scholastic between 1998 and 2014.[1] Plaintiff directly licensed these Photographs to Scholastic for certain limited uses.  *Id.* ¶¶ 11-12 and Ex. 1.

**The Order Dismisses Scholastic's Statute of Limitations Defense**

Both parties filed motions for summary judgment.  *See* Dkt Nos. 105, 107.  In its Order, the Court granted both motions in part.  As is relevant to this motion, the Court dismissed Scholastic's statute of limitations defense (*see* Order at 8-11), and granted Plaintiff summary judgment with respect to certain uses of his photographs.  In its briefing (Dkt No. 105, dated September 26, 2019 (the "Brief")), Scholastic argued that Plaintiff's copyright claims were barred by the statute of limitations primarily because the Supreme Court's decision in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014) implicitly adopted the "injury rule" when it held that a copyright infringement claim "'accrue[s]' when an infringing act occurs."  *See* Brief at 8-9 (quoting *Petrella*, 572 U.S. at 670).  In its Order, the Court held that it instead remained bound by the "discovery rule" as established in *Polar Bear* because the Supreme Court in *Petrella* "recognized that it had not passed on the question of whether the discovery rule could serve as an alternative to the injury rule."  Order at 10.  *Polar Bear*, relying on the Ninth Circuit's 1994 decision in *Roley v. New World Pictures, Ltd.*, 19 F.3d 479 (9th Cir. 1994), found that the term "accrue" within the meaning of 17 U.S.C. § 507(b), means "the moment when the copyright holder 'has knowledge of a violation or is chargeable with such knowledge.'"  *Polar Bear*, 384 F.3d at 706 (quoting *Roley*, 19 F.3d at 481).

---

[1] The final three Licensed Uses were licensed on February 3, 2016, and thus are the only Licensed Uses licensed within three years of the filing of the Complaint.  *See* SAC, Ex. 1 Rows 92-94.  The use appearing at Row 94 was dismissed by the Order.  *See id.* at 31-32.

As is explained below, the December 10, 2019 decision from the Supreme Court in *Rotkiske,* issued after Scholastic's motion was fully-briefed and approximately one week before the Order was issued, significantly changes the law and requires reconsideration of the Court's Order.

## ARGUMENT

### I.    RECONSIDERATION IS WARRANTED GIVEN AN INTERVENING CHANGE IN THE LAW

Pursuant to Local Civil Rule 7-9, reconsideration is warranted where "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought..." Local Civil Rule 7-9(b)(1). A party must further "show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." *Id.* That is the case here.

On December 10, 2019, after Scholastic's motion for summary judgment was fully submitted, and after the December 3, 2019 deadline for the submission of any recent decision filed after the reply date, the Supreme Court decided *Rotkiske*, which addressed a split between the Third and Ninth Circuits regarding when a discovery rule is appropriate. Although the case involves the Fair Debt Collection Practices Act (the "FDCPA") rather than the Copyright Act, the holding of *Rotkiske* is that, absent clear language from Congress, the statute of limitations for bringing a private right of action occurs on the date on which the violation occurs, and not the date on which it is discovered. *Id.*, at *1. Like this case, *Rotkiske* dealt with the application of the "discovery rule" to toll the running of the statute of limitations. The FDCPA instructs that a cause of action "may be brought…within one year from the date on which the violation occurs." *Id.*, at *3 (quoting 15 U.S.C. § 1692k(d)). The Supreme Court held that "Congress' decision to include a 'violation occurs' provision, rather than a discovery provision" should not be second-guessed, and indicated that the statute of limitations began to run on *injury* rather than *discovery. Id.*, at *4.

The import of *Rotkiske* plainly extends beyond the FDCPA. The Supreme Court took the case following a split between the Ninth Circuit's decision in *Mangum v. Action Collection Serv., Inc.*, 575

NOTICE OF DEFENDANT'S MOTION FOR LEAVE TO SEEK RECONSIDERATION OR FOR CERTIFICATION, STAY THIS ACTION PENDING APPEAL, AND MEMORANDUM OF LAW

F.3d 935 (9th Cir. 2009), which established a "default presumption that all federal limitations periods run from the date of discovery" (*id.* at 941) and the Third Circuit's rejection of the *Mangum* presumption below. Building on the Court's decision in *TRW*, which involved the statute of limitations under the Fair Credit Reporting Act (the "FCRA"), the Supreme Court took issue with the Ninth Circuit's holding, in *Mangum*, that *TRW* did "not overrule or seriously undermine our general approach" of applying a discovery rule. *Mangum*, 575 F.3d at 941. *Rotkiske* explicitly rejected the presumption applied in *Mangum*, holding that the "expansive approach to the discovery rule is a 'bad wine of recent vintage.'" *Rotkiske*, 2019 WL 6703563, at *4 (quoting *TRW*, 534 U.S. at 37). The Court found that "[i]t is a fundamental principle of statutory interpretation that 'absent provision[s] cannot be supplied by the courts'" (*id.* (quoting A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 94 (2012)), thus establishing a presumption that, absent clear language to the contrary, a federal statute is subject to an injury rule. Turning to the FDCPA, the Court held that, had Congress wished to include a discovery rule, it would explicitly have done so. *See id.* The Court thus applied an injury rule. *See id.*

   *Rotkiske* has obvious application to the case at bar. The Copyright Act—like the FDCPA—does not include any language imposing a discovery rule, stating only that: "[n]o civil action shall be maintained under the provisions of [the Copyright Act] unless it is commenced within three years after the claim accrued." *See* 17 U.S.C. § 507(b). While the FDCPA employs the term "violation occurs" rather than the "claim accrued" language of the Copyright Act, the Supreme Court in *Rotkiske* specifically noted that, where a statute is unclear, the claim "accrues" on the date that the violation occurs, noting that "[i]f 'there are two plausible constructions of a statute of limitations,' we generally 'adopt the construction that starts the time limit running when the cause of action…accrues' because 'Congress legislates against the 'standard rule that the limitations period commences when the plaintiff has a complete and present cause of action.'" *Id.*, at *3 (quoting *Graham Cty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 418-419 (2005)).[2]

---

[2] One court in this Circuit has previously heard this issue. In *Solo v. Dawson*, 09 Civ. 05623, 2010 WL 11508000 (C.D. Cal. 2010), defendant argued that the *Polar Bear* court "improperly failed to incorporate" into its analysis a similar decision of the Supreme Court, *TRW*, and thus should have applied the injury rule to the Copyright Act. Although that court rejected this argument, it did so based on the Ninth Circuit holding in *Mangum* that "*TRW* 'does not speak to the discovery rule, in general,'"

NOTICE OF DEFENDANT'S MOTION FOR LEAVE TO SEEK RECONSIDERATION OR FOR
CERTIFICATION, STAY THIS ACTION PENDING APPEAL, AND MEMORANDUM OF LAW

Given this intervening and important change in the law, Scholastic respectfully requests that it be granted leave to seek reconsideration of this portion of the Court's Order.

## II.  IN THE ALTERNATIVE, THIS ISSUE WARRANTS CERTIFICATION FOR AN INTERLOCUTORY APPEAL

In the alternative, this Court should certify the issue for an interlocutory appeal to the Ninth Circuit.  In order to merit certification pursuant to 28 U.S.C. § 1292(b), three factors must be present: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation."  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982); *see also United States v. Nature's Farm Prods., Inc.*, 370 F. Supp. 2d 993, 1005 (N.D. Cal. 2005).  These factors are satisfied here.

### A.  The Statute of Limitations Presents a Controlling Question of Law

A question of law is "controlling" under 28 U.S.C. § 1292(b) if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court."  *In re Cement*, 673 F.2d at 1026. The Ninth Circuit has identified statute of limitations issues as the sort of controlling question of law that is particularly appropriate for interlocutory appeal.  *See United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959) ("Examples of such questions are those relating to jurisdiction or a statute of limitations which the district court has decided in a manner which keeps the litigation alive but which, if answered differently on appeal, would terminate the case.").

It is equally appropriate here.  Not only does this issue present an important change in the law, as outlined in Section I, *supra*, but it is one that would potentially require the dismissal of all but two of the 94 uses at issue.  *See* FAC, Ex. 1.  Moreover, this issue is the sort of "legal question" that is "especially appropriate" for an interlocutory appeal.  *Helman v. Alcoa Global Fasteners Inc.*, No. CV 09-1353, 2009 WL 2058541, at *5 (C.D. Cal. June 16, 2009) (finding interlocutory appeal "especially

but was instead limited to claims arising under the FCRA.  *Id.*, at * 15 n.52 (quoting *Mangum*, 575 F.3d at 940-41.  As the Supreme Court has now abrogated *Mangum* and confirmed that *TRW*—and the presumption in favor of an injury rule—*does* apply beyond the FCRA, this Court should reconsider its own reliance on *Polar Bear* or otherwise allow the Ninth Circuit to hear the issue.

NOTICE OF DEFENDANT'S MOTION FOR LEAVE TO SEEK RECONSIDERATION OR FOR CERTIFICATION, STAY THIS ACTION PENDING APPEAL, AND MEMORANDUM OF LAW

appropriate" where it concerned "a pure legal question involving no factual issues") (internal quotations omitted); *see also SEC v. Rind,* 991 F.2d 1486, 1488 (9th Cir. 1993) (denial of statute of limitations defense reviewed).

### B.  A Difference of Opinion Exists on This Issue

It is also clear that a difference of opinion exists that is ripe for further review by the Ninth Circuit.  "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear."  *Couch v. Telescope Inc.,* 611 F.3d 629, 633 (9th Cir. 2010).  "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'"  *Id.* (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)).

*Rotkiske* came about because of a split between the Third and Ninth Circuits, wherein the Supreme Court declared invalid the Ninth Circuit's presumption that a discovery rule applies to federal statutes.  This case presents a similar application of a discovery rule in an instance where no statutory language exists, in which the Ninth Circuit has again favored a discovery rule.  Indeed, the Order itself acknowledges that at least some difference of opinion existed regarding the continued application of the discovery rule to the Copyright Act following the Supreme Court's decision in *Petrella*, but found that the Court had not directly passed on the issue in that case.  *See* Order at 9-10.  This difference of opinion is amplified following *Rotkiske*, which *does* pass directly on the circumstances under which a discovery rule would be appropriate.  Given this intervening change in the law on a related issue, certification is appropriate.  *See Chen v. Allstate Ins. Co.*, No. C 13-0685, 2013 WL 3973798, at *3 (N.D. Cal. July 31, 2013) (granting certification on the basis of an intervening decision by the Supreme Court where it "did not overrule" the relevant precedent but "did take issue with the precedent" on which it relied).

### C.  A Determination Materially Advances the Ultimate Termination of the Litigation

The determination of the statute of limitations issue would greatly change the scope of this litigation.  "The requirement that an appeal may materially advance the ultimate termination is closely tied to the requirement that the order involve a controlling question of law."  16 WRIGHT & MILLER,

NOTICE OF DEFENDANT'S MOTION FOR LEAVE TO SEEK RECONSIDERATION OR FOR
CERTIFICATION, STAY THIS ACTION PENDING APPEAL, AND MEMORANDUM OF LAW

FEDERAL PRACTICE & PROCEDURE § 3930 (2004).  The Ninth Circuit has repeatedly ruled that it is appropriate to grant interlocutory review in "cases where decision might avoid protracted and expensive litigation." *Robbins Co. v. Lawrence Mfg. Co.*, 482 F.2d 426, 429 (9th Cir. 1973).

That is the case here.  This case is scheduled for a multi-day jury trial in March 2020, with pre-trial deadlines beginning as early as next week.  However, as noted above, Scholastic's statute of limitations defense impacts all but the final three uses in the SAC, one of which was dismissed by this Court in its Order.  *See id.* at 31-32 (dismissing the use appearing at Row 94 of the SAC).  A trial in this case will require extensive evidentiary submissions as to fifty-eight (58) uses of Plaintiff's photographs as well as the revenues and profits derived therefrom.  Significant expenditures by the parties and the time of this Court would be avoided by a decision by the Ninth Circuit in Scholastic's favor.  Accordingly, this final factor is also satisfied.

## III.    THIS ACTION SHOULD BE STAYED PENDING APPEAL

Finally, this action should be stayed pending appeal.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket ..." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "When considering a stay pending appeal pursuant to § 1292(b), the Court has broad discretion to decide whether a stay is appropriate to 'promote economy of time and effort for itself, for counsel, and for litigants.'"  *Asis Internet Servs. v. Active Response Grp.*, No. C 07-6211, 2008 WL 4279695, at *3-4 (N.D. Cal. Sep. 16, 2008) (quoting *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972)).  Courts regularly stay the present action upon a grant of certification. *See, e.g.*, *In re California Title Ins. Antitrust Litig.*, No. 08-01341, 2010 WL 785798, at *2 (N.D. Cal. Mar. 3, 2010) (staying action upon certification).  Given the impending jury trial scheduled for March, should this Court certify this issue for appeal, it should also stay this case.

NOTICE OF DEFENDANT'S MOTION FOR LEAVE TO SEEK RECONSIDERATION OR FOR
CERTIFICATION, STAY THIS ACTION PENDING APPEAL, AND MEMORANDUM OF LAW

**CONCLUSION**

For each of the foregoing reasons, Scholastic respectfully requests that the Court grant it leave to seek reconsideration, or, in the alternative, certify this issue to the Ninth Circuit, and stay this action pending appeal.

DATED: January 7, 2020                    **FRANKFURT KURNIT KLEIN & SELZ, P.C.**


                                          By:     */s/ Jessica R. Medina*
                                              Jeremy S. Goldman (CA SBN 306943)
                                              Azita Iskandar (CA SBN 280749)
                                              Jessica R. Medina (CA SBN 302236)
                                              2029 Century Park East, Ste. 1060
                                              Los Angeles, California 90067
                                              Phone:  (310) 579-9600
                                              Fax:  (310) 579-9650
                                              jgoldman@fkks.com
                                              aiskandar@fkks.com
                                              jmedina@fkks.com

                                              Edward H. Rosenthal*
                                              Nicole Bergstrom*
                                              28 Liberty Street
                                              New York, New York 10005
                                              Phone:  (212) 980-0120
                                              Fax:  (212) 593-9175
                                              erosenthal@fkks.com
                                              nbergstrom@fkks.com
                                              *Admitted *pro hac vice*

                                              *Attorneys for Defendant Scholastic Inc.*

NOTICE OF DEFENDANT'S MOTION FOR LEAVE TO SEEK RECONSIDERATION OR FOR
CERTIFICATION, STAY THIS ACTION PENDING APPEAL, AND MEMORANDUM OF LAW