UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MENZEL,<br><br>    Plaintiff,<br><br>v.<br><br>SCHOLASTIC, INC.,<br><br>    Defendant. | Case No. 17-cv-05499-EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OR CERTIFICATION**<br><br>Docket No. 139 |

Scholastic has moved for reconsideration or, in the alternative, for certification for an interlocutory appeal. Having considered the parties' briefs, the Court hereby **DENIES** Scholastic's motion.

With respect to the motion to reconsider, *Rotkiske v. Klemm*, 205 L. Ed. 2d 291 (2019), is not directly on point as it concerns the Fair Debt Collection Practices Act, and not the Copyright Act. Notably, the language used in the FDCPA (concerning the statute of limitations) is different from that used in the Copyright Act. *Compare* 15 U.S.C. § 1692k(d) (in the FDCPA, providing that an action "may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the *date on which the violation occurs*") (emphasis added), *with* 17 U.S.C. § 507(b) (in the Copyright Act, providing that "[n]o civil action shall be maintained . . . unless it is commenced within three years *after the claim accrued*") (emphasis added).

As for the motion for certification of an interlocutory appeal, the governing statute is 28 U.S.C. § 1292(b), which provides as follows:

    When a district judge . . . shall be of the opinion that such order

> involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

Here, even if there were a controlling question of law and substantial ground for difference of opinion, an immediate appeal will not materially advance the ultimate termination of the litigation, particularly given that the instant case is essentially on the eve of trial. *See, e.g.*, *Pablo v. ServiceMaster Glob. Holdings, Inc.*, No. C 08-03894 SI, 2011 U.S. Dist. LEXIS 93638, at *3-4 (N.D. Cal. Aug. 22, 2011) ("The parties have expended significant time and resources over the past three years litigating this case. The Court has entered orders on several significant motions, each of which will be subject to appeal when a final judgment has issued in this case. The trial now finally set is not expected to last more than a week. Allowing defendants to file an interlocutory appeal with regard to one legal issue (or, according to defendants, two legal issues) on the eve of trial will impede, rather than materially advance, the ultimate termination of this litigation."); *Corwin v. NYC Bike Share, LLC*, No. 14-CV-1285 (SN), 2017 U.S. Dist. LEXIS 53812, at *28-29 (S.D.N.Y. Apr. 7, 2017) ("In this case, it is plain that permitting an interlocutory appeal at this juncture, on the very eve of trial, would severely delay the termination of the litigation. Such an appeal would lead to the proceedings being stayed, potentially for years, as to all parties. On the contrary, proceeding to trial and final judgment would lead to a prompt finding as regards to liability and damages as to all the defendants remaining in the case, while preserving the City's ability to appeal in the ordinary course on the question of law it identifies in the event that it is found liable."); *Stuart v. RadioShack Corp.*, No. C-07-4499 EMC, 2009 U.S. Dist. LEXIS 57963, at *12 (N.D. Cal. June 25, 2009) ("The additional burden of waiting several months and having to complete trial before taking the appeal is not substantial. On the other hand, permitting the interlocutory appeal will vacate the trial date and potentially postpone the trial for many

///
///
///

months, thus materially prejudicing the Plaintiffs and disrupting the Court's calendar."); *cf. Conlin v. Sw. Cmty. Coll.*, No. 2:99cv247-C, 2001 U.S. Dist. LEXIS 27248, at *8 (W.D.N.C. Mar. 2, 2001) ("An interlocutory appeal . . . 'is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation.'").

This order disposes of Docket No. 139.

**IT IS SO ORDERED**.

Dated: January 17, 2020

EDWARD M. CHEN
United States District Judge